UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BERTHA V. REITENAUER.,**

              **Plaintiff,**

-vs-                                                                 **Case No.  6:99-cv-1201-Orl-19KRS**

**MARINER HEALTH CARE OF PORT
ORANGE, INC.,**

              **Defendant.**

_____

# ORDER

This case comes before the Court on Defendant Mariner Health Care of Port Orange Inc.'s Motion to Dismiss Plaintiff's complaint.  (Doc. No. 26, filed on January 19, 2005).  On September 21, 1999, Plaintiff Bertha Reitenauer filed a complaint, alleging that Defendant Mariner Health Care of Port Orange, Inc. violated the American with Disability Act and the Rehabilitation Act of 1973.  (Doc. No. 1).  On January 28, 2000, Defendant filed a Notice of Bankruptcy Stay.  (Doc. No. 11).  In the notice, Defendant stated that on January 18, 2000, it had filed a voluntary petition under Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  On February 1, 2000, the Court directed the Clerk to administratively close the case pending resolution of the bankruptcy proceedings.  (Doc. No. 12).  The Court also ordered Plaintiff to file a status report with the Court within ninety days from the date of the Order, and every ninety days thereafter, advising the Court what, if any, further proceedings are requested in this forum.  (*Id.*)  The Court stated that "[f]ailure to comply with this Order may result in dismissal of this case without further notice." (*Id.*) The record reflects that the last status report was filed on September 2, 2004.  (Doc. No. 24).

On January 19, 2005, Defendant filed a Motion to Dismiss the complaint with prejudice, arguing that the complaint should be dismissed because Plaintiff's action has been settled by the Bankruptcy Court proceeding. (Doc. No. 26). Plaintiff did not respond.[1] Local Rule 3.01(b) requires a party who opposes an application for relief made to the Court to file a response within ten days of service of the application. In failing to file a response in opposition, the Plaintiff is deemed to have acquiesced in the grant of the relief sought by Defendant.

The record reflects that Plaintiff accepted Defendant's counteroffer of $3,500 during the pendency of the bankruptcy court action. (Doc. No. 26, Ex. A, "Counteroffer & Acceptance of Settlement"). Furthermore, the Bankruptcy Court ordered that "all such Claims, liens, encumbrances, charges, and other interests shall be discharged and extinguished." (Doc. No. 26, Ex. B-1, "Bankruptcy Court Order," ¶ 7).

The resolution of Plaintiff's claims in the bankruptcy action makes this case moot. Therefore, the Court **DISMISSES** Plaintiff's complaint with prejudice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 18, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[1] Under Federal Rule of Evidence 201, the Court may take judicial notice of the Orders of the Bankruptcy Court.